C. Megan Fischer (SBN 019828)
**KLEIN THOMAS & LEE**
340 East Palm Lane, Suite A310
Phoenix, Arizona 85004
Tel: (602) 935-8300
megan.fischer@kleinthomaslaw.com

Attorneys for Defendant General Motors LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Leticia Calderon,** an individual, on behalf of herself and all statutory beneficiaries of Jesus Calderon Calvillo,<br><br>   Plaintiff,<br><br>v.<br><br>**General Motors LLC**, a Delaware limited liability company,<br><br>   Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of Arizona In and For the County of Maricopa<br>Case No. CV2022-008731 |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant General Motors LLC ("GM LLC"), through undersigned counsel, gives notice of removal of this action from the Superior Court of the State of Arizona in and for the County of Maricopa to the United States District Court for the District of Arizona. In support of this Notice of Removal, GM LLC states as follows:

## PROCEDURAL BACKGROUND

1. On or about July 8, 2022, this action was commenced in the Superior Court of the State of Arizona in and for the County of Maricopa under the caption *Leticia Calderon, an individual, on behalf of herself and all statutory beneficiaries of Jesus Calderon Calvillo v. General Motors LLC, a Delaware limited liability company* bearing civil action case number CV2022-008731. Defendant GM LLC was served the Summons and Complaint on July 14, 2022. (*See* **Exhibit 1**).

2. As required by 28 U.S.C. § 1446(a) and LRCiv 3.6(b), a copy of all process, pleadings, orders, and other documents that were previously filed with the state court in this action

are attached hereto as Exhibit 1.

**BASIS FOR REMOVAL**

3. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

**A.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

4. Diversity of citizenship is determined by the parties' citizenship at the time the Complaint is filed. *See* 28 U.S.C. §§ 1332 and 1441.

5. Plaintiff Leticia Calderon is both a citizen and resident of Arizona. (*See* Compl. ¶ 1).

6. Upon information and belief, Decedent Jesus Calderon Calvillo was both a citizen and resident of Arizona at the time of his death.

7. Therefore, plaintiff is a resident and citizen of Arizona. 28 U.S.C. § 1332(c)(2) (the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent).

8. Defendant GM LLC is, and was at the time the state court action commenced, a Delaware limited liability company. The sole member of GM LLC is General Motors Holdings LLC. The sole member of General Motors Holdings LLC is General Motors Company. General Motors Company is a Delaware corporation with its principal place of business located in the State of Michigan. Because General Motors Company—the sole member of General Motors Holdings LLC—is a citizen of Delaware and Michigan for the purposes of determining diversity jurisdiction, General Motors Holdings LLC is also a citizen of Delaware and Michigan for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens."). Likewise, because General Motors Holdings LLC—the sole member of GM LLC—is a citizen of Delaware and Michigan for the purposes of determining diversity jurisdiction, GM LLC is also a citizen of Delaware and Michigan for the purposes of determining diversity jurisdiction. *Id.*

2

9. Because no defendant in this case is a citizen or entity of Arizona, where Plaintiff and Decedent are/were citizens, there is complete diversity of citizenship between the parties.

**B.     The Amount in Controversy Satisfies the Jurisdictional Minimum.**

10. Under 28 U.S.C. § 1332(a), in order to establish diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."

11. A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); 28 U.S.C. § 1446(c)(2). Alternatively, a defendant may set forth facts in its notice of removal demonstrating that the amount in controversy exceeds $75,000.00. *Singer*, 116 F.3d at 377. "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In calculating the amount in controversy, the Court may consider a plaintiff's potential compensatory damages, potential punitive damages, and potential award of attorneys' fees, if such fees are authorized. *Id.*

12. Plaintiff asserts three causes of action against GM LLC: (1) Strict Liability – Design and/or Manufacturing Defect; (2) Negligence; and (3) Wrongful Death. (*See* Compl. at ¶¶ 55–64, 65–73, 74–77).

13. These claims all arise from an automobile accident resulting in death of the Plaintiff's father, for which Plaintiff seeks actual and punitive damages against GM LLC. (*See* Compl. *ad damnum* clause, ¶¶ 1, 3).

14. The Complaint does not state the amount of damages sought by Plaintiff and, under Arizona law, Plaintiff is prohibited from making such an allegation. Ariz. R. Civ. P. 8(b)(1). However, Rule 8(b)(2) requires a party who claims damages but does not plead an amount to plead that their damages as such to qualify for a specified tier defined by Ariz. R. Civ. P. Rule 26.2(c)(3). As required by Rule 8(b)(2), Plaintiff has stated on the face of the Complaint that this is a "Tier 3" case for purposes of Ariz. R. Civ. P. 26.2(c)(3). (Compl. at caption). Under Ariz. R. Civ. P. 26.2(c)(3), a Tier 3 case is an action claiming $300,000 or more in damages. Additionally, as noted above, Plaintiff is seeking punitive damages from GM LLC in this matter. (*See* Compl. *ad damnum*

clause, ¶ 3).

15. Accordingly, it is apparent from Plaintiff's filings that the amount in controversy exceeds the jurisdictional minimum of $75,000 required for removal to this Court, exclusive of interest and costs. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Jessica Hovland, Plaintiff v. Andrew Storey, et al., Defendants.*, No. CV-21-01685-PHX-GMS, 2021 WL 5711263, at *3 (D. Ariz. Dec. 2, 2021) (finding that, although no amount was specified in the complaint, it was reasonable to presume that the value of Plaintiff's claims for personal injury stemming from a motor vehicle accident exceed the $75,000 jurisdictional minimum); *Evanston Ins. Co. v. Hearthstone of Sun City, LLC*, No. CV-08-1632-PHX-FJM, 2009 WL 10649918, at *1 (D. Ariz. Feb. 5, 2009) (finding that, although no amount was specified in the complaint, the value of Plaintiff's claims for wrongful death and negligence exceed the $75,000 jurisdictional minimum by any reasonable standard).

## COMPLIANCE WITH REMOVAL STATUTES

**A.   Venue is Proper in the Phoenix Division.**

16. Pursuant to 28 U.S.C. § 1446(a), removal should be to the United States District Court sitting in Phoenix, Arizona.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because this action was pending in Maricopa County.

**B.   The Notice of Removal is Timely.**

18. This notice of removal is being filed within thirty days after service or receipt of the Summons and Complaint upon Defendant GM LLC on July 14, 2022, as required by 28 U.S.C. § 1446(b)(1).

**C.   Required Notice of the Removal Is Duly Given.**

19. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is given to all adverse parties as required by law, and a true and correct copy of this Notice is given to the clerk of the Maricopa County Superior Court by filing a copy of this notice of removal with the clerk of the state court.

## CONCLUSION

20. As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, GM LLC respectfully requests that this lawsuit be removed to the United States District Court for the District of Arizona.

21. In removing this case to federal court, GM LLC has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in GM LLC's pleadings, GM LLC has not admitted to any of the allegations set forth in the Complaint. GM LLC expressly reserves the right to assert all available defenses to each allegation in the Complaint.

WHEREFORE, Defendant GM LLC gives notice that this action, previously pending in the Superior Court of Maricopa County, is removed to this Court and that all further proceedings in this action be conducted in this Court as provided by law.

Dated this 1st day of August, 2022.

KLEIN THOMAS & LEE

By: */s/C. Megan Fischer*
C. Megan Fischer
Attorneys for Defendant General Motors LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August, 2022, I caused the attached **NOTICE OF REMOVAL** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

| | |
|---|---|
| G. Lynn Shumway<br>SHUMWAY LAW PLLC<br>4647 N. 32nd St., Ste. 230<br>Phoenix, AZ 85018<br>shumway@carsafetylaw.com | Attorney for Plaintiff |
| Brent Ghelfi<br>GHELFI LAW GROUP, PLLC<br>4647 N. 32nd St., Ste. 230<br>Phoenix, AZ 85018<br>brentghelfi@ghelfilawgroup.com | Attorney for Plaintiff |

/s/ Nicole Dehart
Klein Thomas & Lee